Jeremy S. Golden (SBN 228007)
Cory M. Teed (SBN 299780)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
cory@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE ANDERSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SOFI LENDING CORP.; EXPERIAN INFORMATION SOLUTIONS, INC.; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1)　　This is an action for damages brought by an individual consumer against Defendants for actual, statutory and punitive damages, and costs and attorneys' fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA") and the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.* ("CCRAA") both of which prohibit unlawful credit reporting; and against Defendant SoFi Lending Corp. for violations the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act") which prohibits creditors from engaging in abusive, deceptive, and unfair practices; and for violation of the California Identity Theft Act, Civil Code §1798.92 *et seq.*

## II. JURISDICTION AND VENUE

2) Jurisdiction of this Court arises under 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3) Plaintiff MAURICE ANDERSON is a natural person residing in the State of California, County of Los Angeles.

4) Defendant SOFI LENDING CORP ("SoFi") at all times relevant is a corporation in the business of collecting debts in Los Angeles County, California operating from an address at 234 First Street, San Francisco, CA 94105. SoFi is engaged in the collection of debts from consumers using the mail and telephone. SoFi is a "debt collector" as defined by the Rosenthal Act, California Civil Code §1788.2(c). SoFi is a company who in the ordinary course of business regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies about the company's own transactions or experiences with one or more consumers as defined in California Civil Code §1785.25. SoFi furnishes consumer information to consumer reporting agencies.

5) Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") at all times relevant was a corporation doing business in Los Angeles County, California operating from an address at 475 Anton Blvd., Costa Mesa, CA 92626. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. Experian disburses such consumer reports to third parties under contract for monetary compensation.

6) The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious

names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7) Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code §1788.2(h).

8) The purported debt which SoFi attempted to collect from Plaintiff is a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

9) SoFi is a "claimant" as defined under the Identity Theft Act, Civ. Code § 1798.92(a).

10) Plaintiff is a "victim of identity theft" as defined by Civ. Code § 1798.92(d).

## IV.  FACTUAL ALLEGATIONS

11) Plaintiff is a victim of identity theft.  An identity thief opened an account with SoFi in Plaintiff's name (the "Account")

12) The Account was obtained as a result of identity theft as Plaintiff did not authorize anyone to open the Account under his name or as a co-signor.

13) Experian erroneously reported the Account to Plaintiff's credit file.

14) SoFi reported the Account to Plaintiff's credit file.  Plaintiff's credit file showed the SoFi Account with a balance over $10,000 and late payments of 30, 60, 90, and 120 days.

15) The information SoFi reported to Experian was false as Plaintiff never had an account with SoFi and never authorized anyone to open any account with SoFi.

16) Plaintiff disputed the false information with SoFi and Experian in writing as he does not owe on the Account.  Experian further notified SoFi of the dispute.

17) SoFi and Experian failed to conduct reasonable investigations into the disputes alleged by Plaintiff and continued to report the inaccurate Account on his credit file.

18) Experian negligently produced consumer reports with respect to Plaintiff's credit that contain the false information.

19) Experian further negligently failed to maintain reasonable procedures designed to avoid the reporting of the false information.

20) Plaintiff filed a police report and identity theft affidavit regarding the identity theft involving the Account.

21) In January 2022, Plaintiff provided SoFi a copy of the police report and identity theft affidavit.

22) Despite Plaintiff's imploring SoFi to cease collection and credit reporting, SoFi continued its collection and credit reporting efforts, irrespective of the identify theft.

23) As a result of Defendants' conduct, Plaintiff's credit worthiness was damaged.

24) Plaintiff further suffered emotional distress.

## V.  FIRST CLAIM FOR RELIEF

### (Against All Defendants for Violations of the FCRA)

25) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

26) Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

27) Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to SoFi; and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

28) SoFi violated 15 U.S.C. §1681s-2(b) by furnishing the false information after Plaintiff's disputes; by failing to fully and properly investigate Plaintiff's disputes; by failing to review all relevant information regarding same; by failing to accurately respond to Experian; and by failing to permanently and lawfully correct its own internal records to

prevent the re-reporting of the false information to the Experian.

29) The Defendants' unlawful conduct damaged Plaintiff as referenced above.

30) The Defendants' unlawful conduct was willful.

31) Plaintiff is entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

32) Plaintiff is further entitled to recover costs and attorneys' fees pursuant to 15 U.S.C. §§1681n and/or 1681o.

## VI. SECOND CLAIM FOR RELIEF

### (Against All Defendants for Violation of the CCRAA)

33) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

34) Defendants violated the CCRAA, by including but not limited to, the following:

    (a) Experian violated California Civil Code §1785.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff;

    (b) Experian violated California Civil Code §1785.16 by failing to conduct a reasonable reinvestigation to determine whether the dispute information is inaccurate and record the current status of the disputed information, or delete the item from the file; and

    (c) SoFi violated California Civil Code §1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency that SoFi knew or should have known was incomplete or inaccurate.

35) Defendants' acts as described above were done negligently and/or intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36) As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

37) Defendants' violations were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and

costs pursuant to California Civil Code §1785.31.

## VII.  THIRD CLAIM FOR RELIEF

**(Against Defendant SOFI and DOES 1-5 for Violation of the Rosenthal Act)**

38) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

39) Defendants violated the Rosenthal Act, by including but not limited to, the following:

(a) SoFi violated California Civil Code §1788.17(a) by failing to comply with 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

(b) SoFi violated California Civil Code §1788.17(a) by failing to comply with 15 U.S.C. § 1692e(2)(a) by giving the false impression of the character, amount or legal status of the debt;

(c) SoFi violated California Civil Code §1788.17(a) by failing to comply with 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

(d) SoFi violated California Civil Code §1788.17(a) by failing to comply with 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(e) SoFi violated California Civil Code §1788.17(a) by failing to comply with 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

(f) SoFi violated California Civil Code §1788.17(a) by failing to comply with 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

40) Defendants' acts as described above were done intentionally with the purpose of

coercing Plaintiff to pay the alleged debt.

41) As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

42) Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## VIII.  FOURTH CLAIM FOR RELIEF

**(Against Defendant SOFI and DOES 1-5 for Violation of the Identity Theft Act)**

43) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

44) Plaintiff is a victim of identity theft.

45) Plaintiff provided written notice to SoFi that a situation of identity theft may exist more than 30 days prior to the filing of this action.

46) SoFi failed to diligently investigate the Plaintiff's notification of a possible identity theft.

47) SoFi continued to pursue its claim against Plaintiff after Plaintiff presented facts pertaining to the identity theft.

48) SoFi is in violation of Civ. Code § 1798.92 *et seq.*

49) As a proximate result of SoFi's violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

50) SoFi is liable to Plaintiff for a declaratory judgment, actual damages, attorney's fees, costs, equitable relief, and a civil penalty pursuant to Civ. Code § 1798.92 *et seq*.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

(a) Actual damages;

(b) Statutory damages;

(c)     Costs and reasonable attorneys' fees;

(d)     For such other and further relief as the Court may deem just and proper.

WHEREFORE, Plaintiff additionally requests that judgment be entered against Defendants SoFi and Does 1-5 for the following:

(a)     A declaration that Plaintiff is not obligated to the SoFi on the Account pursuant to Civ. Code §1798.93(c)(1);

(b)     A declaration that any security interest or other interest the SoFi had purportedly obtained in the Plaintiff's property in connection with that claim is void and unenforceable pursuant to Civ. Code §1798.93(c)(2);

(c)     An injunction restraining the SoFi from collecting or attempting to collect from the Plaintiff on that claim, from enforcing or attempting to enforce any security interest or other interest in the Plaintiff's property in connection with that claim, or from enforcing or executing on any judgment against the Plaintiff on that claim pursuant to Civ. Code § 1798.93(c)(3);

(d)     Actual damages, attorney's fees, and costs, and any equitable relief that the court deems appropriate pursuant to Civ. Code § 1798.93(c)(5);

(e)     A civil penalty, in addition to any other damages, of thirty thousand dollars ($30,000) pursuant to Civ. Code § 1798.93(c)(6);

(f)     Punitive damages; and

(g)     For such other and further relief as the Court may deem just and proper.

Date: January 11, 2023            /s/Cory M. Teed_____
                                            Cory M. Teed
                                            Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: January 11, 2023        /s/Cory M. Teed
Cory M. Teed
Attorney for Plaintiff